IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:97-cr-273-WSD-5 |
| ADRIAN ANTONIO CAMPBELL, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Adrian Campbell's *pro se* Motion for Expungement [478].

I.   **BACKGROUND**

On August 20, 1997, a superseding indictment was returned against Defendant Campbell charging him and fourteen (14) other defendants with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a), 846. Defendant entered a plea of guilty to the charge on January 23, 1998. He was sentenced to sixty-three (63) months of incarceration and five (5) years of supervised release. His supervised release was completed on February 3, 2006.

On August 22, 2014, Defendant filed his *pro se* Motion for Expungement. Defendant seeks the records of his conviction be expunged noting "the Defendant was sentenced to 100 - 1 ratio and as of the New Crack Ratio of 18 - 1, would have received a lower sentence." Id. at 1-2. Defendant also notes that his "case is 19 years old." Id. The Government opposes the motion including on the grounds that the Court is not authorized to expunge criminal records, and there are no extraordinary circumstances associated with the conviction authorizing judicial expungement.

## II.   DISCUSSION

Federal courts have limited jurisdiction and have only that power authorized them by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The power granted does not include the general authority to expunge criminal convictions. See Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 700 (5th Cir. 1997).[1] Congress does, however, provide for very limited expungement of criminal records for certain drug offenses. 18 U.S.C. § 3607(c). Expungement is allowed only for convictions for simple possession of a controlled substance for individuals under the age of 21 at the time of conviction

---

[1] Some states have passed statutes allowing expungement or restricted access to criminal records. See O.C.G.A. § 35-3-37; Fla. Stat. § 943.0585.

2

who successfully complete pre-judgment probation pursuant to 18 U.S.C. § 607(a). Those conditions are not met here.

There is some authority supporting that a district court may, under extraordinary circumstances, expunge criminal records. See Menard v. Mitchell, 430 F.2d 486, 490-91 (D.C. Cir. 1970) (expungement allowed where Fourth Amendment violated). Expungement because of extraordinary circumstances is rare. Extraordinary circumstances are not alleged here. Defendant does not claim that the crack-to-powder-cocaine ratio was unconstitutional or that the age of his conviction constitutes a rare event warranting expungement.

### III. CONCLUSION

The Court here is not authorized to order expungment and, in the absence of an extraordinary circumstance supporting the rare exercise of judicial expungement,

**IT IS HEREBY ORDERED** that Defendant's Motion for Expungement [478] is **DENIED.**

**SO ORDERED** this 25th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE